UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
5:09-cr-49-KDB-DCK-7

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| T'ANTAE DEON LITTLE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 411].

I.  BACKGROUND

In 2009, the Defendant was charged with: conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (Count One); possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count Eight); and possession with intent to distribute at least five grams of cocaine base in violation of 21 U.S.C. §§ 841(a), (b)(1)(B) (Count Nine). [Doc. 72]. The Government filed a Notice pursuant to 21 U.S.C. § 851 that it intended to seek an enhanced sentence because the Defendant had three prior convictions for felony drug offenses. [Doc. 28].

The Defendant pleaded guilty to Count One and admitted his guilt of that offense, in exchange for the Government's dismissal of the remaining charges and for the withdrawal of two of the § 851 convictions. [Doc. 103 at ¶¶ 1-2]. The Defendant had an advisory guideline range of 168 to 210 months' imprisonment. [Doc. 243 at ¶ 75]. However, the statutory minimum sentence

1

was 240 months' imprisonment pursuant to §§ 841(b)(1)(A) and 851, accordingly, the guideline term of imprisonment was 240 months. [Id.]. The Court[1] accepted the Defendant's guilty plea to Count One and sentenced him to 240 months' imprisonment followed by 10 years of supervised release. [Doc. 290: Judgment]. The Fourth Circuit Court of Appeals affirmed. United States v. Little, 457 F.App'x 219 (4th Cir. 2011), *cert. denied* 566 U.S. 952 (2012).

In 2014, the Court resentenced the Defendant to 168 months' imprisonment pursuant to § 2255 because he no longer had a qualifying predicate drug conviction pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). See Little v. United States, 2013 WL 6050996 (W.D.N.C. Nov. 15, 2013); [Doc. 354]. In 2015, the Defendant's sentence was further reduced to 135 months' imprisonment pursuant to U.S.S.G. Amendment 782. [Doc. 376].

The Defendant began his term of supervised release on July 19, 2019. [See Doc. 398]. One year later on July 19, 2020, the Defendant was arrested for state offenses including operating a motor vehicle under the influence. [Id.]. Ten days later on July 29, 2020, the Defendant participated in a shooting that resulted in an individual's death. [Id.]. These incidents resulted in convictions for state offenses including inflicting serious injury ("AWDWWITK"), for which he served four years and 10 months in state prison, Catawba Case Nos. 20CR053652, -53, -54. [See id.; Doc. 416 at 3]. These incidents also resulted in the U.S. Probation Office's filing of a Petition to revoke the Defendant's supervised release in the instant case. [See Doc. 398]. The Petition alleged eight violations including a Grade A violation punishable by 30 to 37 months' imprisonment for committing a new law violation, *i.e.*, the AWDWWITK offense. [Id.]. The Defendant was released from state prison on October 6, 2023, and he was arrested on the federal Petition. [See Doc. 403].

---

[1] At that time, the case was assigned to the Honorable Richard L. Voorhees.

A revocation hearing came before this Court on November 14, 2023. The Defendant did not contest the supervised release violations. [See Doc. 416]. Defense counsel and the prosecutor jointly recommended a 30-month sentence – the bottom of the sentencing range for a Grade A violation – with no further supervised release. [Id. at 2-4]. The Court accepted the parties' joint recommendation, revoked the Defendant's supervised release, and sentenced him to 30 months' imprisonment in a Judgment entered on November 14, 2023. [Docs. 410, 416].

The Defendant filed the instant § 2255 Motion to Vacate on May 20, 2024.[2] [Doc. 411; see Doc. 411-1 (supporting affidavit)]. The Defendant argues that counsel should have moved for a downward departure pursuant to § 5K2.23 because his state convictions are "relevant conduct" that should have been credited towards his revocation sentence. He seeks resentencing. [Doc. 411 at 20]. The Government filed a Response opposing relief. [Doc. 417]. The Defendant has not replied and the time to do so has expired. Accordingly, this matter is ripe for disposition.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior

---

[2] The docketing date is used here because the Defendant failed to certify the date upon which he placed his Motion to Vacate in the prison's mail system. [See Doc. 411 at 21 (stating that he placed the Motion to Vacate in the institution's mail system on "April --, 2024")]; Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

proceedings . . ." in order to determine whether the Defendant is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Defendant can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Assuming *arguendo* that the Defendant had a constitutional right to the effective assistance of counsel in his revocation proceeding, the Defendant's claims lack merit.[3] To show ineffective assistance of counsel, a defendant must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. To establish prejudice, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694.

Section 5K2.23 provides that a downward departure may be appropriate if the defendant: "(1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 ... would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense...." U.S.S.G. § 5K2.23. Section 5G1.3(b), in turn, "applies to an initial sentencing when relevant conduct is made part of the analysis in determining the Guidelines sentence for the offense." United States v. Hart, 796 F.App'x 188, 189 (4th Cir. 2020). In the context of a supervised release revocation proceeding, the "relevant conduct" is the

---

[3] The United States does not dispute the Defendant's right to the effective assistance of counsel in the revocation proceedings. [See Doc. 417 at 4-5]; see generally Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (holding that probation revocation is not a stage of a criminal prosecution to which the full panoply of rights applies; recognizing a due process right to the appointment of counsel in limited circumstances); Fed. R. Crim. P. 32.1(b); 18 U.S.C. § 3006A. Accordingly, the Court assumes that the Defendant had such a right for the purposes of this discussion.

4

initial offense, and not the conduct in violation of the conditions of supervised release. United States v. Ward, 770 F.3d 1090, 1095 (4th Cir. 2014); Johnson v. United States, 529 U.S. 694, 702 (2000).  This is so because breaches of supervised release are "incident to the original offense" due to the defendant's breach of the court's trust; they are not meant to punish the underlying offense conduct. United States v. Woodrup, 86 F.3d 359, 361 (4th Cir. 1996); United States v. Hart, 796 F. App'x 188, 189 (4th Cir. 2020) (sentence for breaching the conditions of supervised release "are meant to sanction the abuse of the court's trust inherent in those violations, and not to punish the underlying offense conduct"); United States v. Thompson, 7 F. App'x 234 (4th Cir. 2001); Williams v. United States, 3:18-cv-146-FDW, 2020 WL 7365805 (W.D.N.C. Dec. 15, 2020). The Guidelines, therefore, provide that a revocation sentence "shall be ordered to be served consecutively to any other sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f); see U.S.S.G. § 5G1.3, cmt. n. 4(C) (recommending that "the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation")

Counsel performed reasonably by declining to raise § 5K2.23 because the state convictions are separate criminal conduct and not "relevant conduct" for purposes of the supervised release proceeding.   Counsel was not deficient for failing to raise these arguments and the Court would have rejected them had they been raised at the revocation hearing. See Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success."); Lockhart v. Fretwell, 506 U.S. 364, 374 (1993) (O'Connor, J., concurring) (there is no prejudice where counsel fails to make an objection that is "wholly meritless under current governing law").

Construing the Defendant's arguments liberally, it appears that he may also be attempting to argue that counsel's ineffective assistance rendered his revocation plea involuntary. For

instance, he contends that counsel misadvised him about the sentencing guidelines, and that counsel promised him that the federal Bureau of Prisons would grant him sentencing credit, which did not come to pass. [See Doc. 411-1 at ¶¶ 8-10]. Assuming *arguendo* that counsel provided the Defendant with incorrect advice, the Defendant fails to explain how this prejudiced him. See generally United States v. Dyess, 730 F.3d 354 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed without further investigation by the district court). The Defendant admitted violating the conditions of his supervised release at the revocation hearing, and he does not presently allege that he would have denied the violations had counsel provided different advice. [See Doc. 411-1 at 4 (stating that, had he been properly advised, he "would have insisted on a *hearing*….") (emphasis added)]; Hill v. Lockhart, 474 U.S. 52, 56 (1985) (to satisfy Strickland's prejudice prong, a defendant must show that there is a reasonable probability, but for counsel's errors, that he would not have pleaded guilty and would have insisted on going to trial). Nor would it have been objectively reasonable for the Defendant to deny the violations in light of the state convictions that conclusively proved that he violated multiple conditions of his supervised release including the Grade A AWDWWITK offense. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) (to establish prejudice in the context of a guilty plea, a defendant must establish that there is a reasonable probability that he would not have pleaded guilty but for counsel's errors, and that it would have been "objectively reasonable in light of all the facts" to do so). Moreover, counsel obtained a favorable revocation outcome by negotiating a sentence at the bottom of the guidelines and no further term of supervised release. The Defendant has failed to demonstrate that counsel performed deficiently or that he was prejudiced in any way. The Motion to Vacate is, therefore, dismissed and denied.

    **IV.    CONCLUSION**

For the foregoing reasons, the Defendant's Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Defendant's § 2255 Motion to Vacate [Doc. 411] is **DISMISSED AND DENIED.**

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a Defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a Defendant must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: November 12, 2024

Kenneth D. Bell
United States District Judge